```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

| | |
|---|---|
| KAREN ENGLAND, § | |
| § | |
| Plaintiff, § | |
| § | |
| § | |
| v. § | CIVIL ACTION NO. H:10-1937 |
| § | |
| LIBERTY INSURANCE CORPORATION § | |
| and LINDA F. EVANS, § | |
| § | |
| Defendants. § | |
| § | |

## MEMORANDUM OPINION

Before the court[1] is Defendant's[2] Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion"). Having reviewed the motions, all relevant filings, the parties' oral arguments, and the applicable law, the court **DENIES** the Motion.

### I. Background

Plaintiff brought this insurance action in state court alleging that Defendant acted in bad faith by delaying or denying benefits to which she was entitled under her employer's Texas workers' compensation insurance policy. Defendant removed the case on the basis of diversity jurisdiction and now avers that, because Plaintiff did not exhaust the available administrative remedies through the Texas Department of Insurance, Division of Workers'

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Doc. 11.

[2] Defendant Linda F. Evans' Motion to Dismiss was granted on March 14, 2011; she is no longer a party to this suit. Doc. 32.

Compensation ("DWC"), this court lacks subject matter jurisdiction over claims for denied benefits or related bad faith claims.

Plaintiff alleged four causes of action, all of which are predicated on a bad faith delay or denial of benefits: first, violations of the Texas Insurance Code (namely that benefits were denied without proper procedures); second, breach of the duty of good faith; third, punitive damages for bad faith; and fourth, violations of the Texas Deceptive Trade Practices Act.

In her complaint, Plaintiff gave the following time-line of the significant events. First, on February 20, 2008, England was injured on the job. Then, on April 29, 2008, Liberty filed a denial of benefits. Finally, on March 10, 2009, Liberty agreed to the compensability and extent of the injury in a Benefit Dispute Agreement ("BDA"), which is a form of binding mediation used by the DWC.

After Plaintiff was injured there arose a dispute over the injury's extent and its compensability. During the course of the dispute, Plaintiff requested preauthorization for back surgery twice; both times the preauthorization was granted.[3] Plaintiff received the surgery after the second preauthorization. The delay in Plaintiff's receipt of the operation forms the core of her claim. Both the compensability and extent of injury disputes were

---

[3] Preauthorization is, by itself, only an admission that the procedure is medically necessary. See Tex. Admin, Code § 134.600(h) (2010). It does not necessarily have any relation to whether a procedure is compensable under a workers' compensation policy.

addressed in the BDA.

The BDA resolved the extent of Plaintiff's injury and the date on which her disability began. The parties agreed that the compensable injury consisted of a lumbar strain or sprain which extended to include a herniated disc at the L4-5 level. They also agreed that the Plaintiff had a disability from February 21, 2008. The injury which occurred on February 20, 2008, was referred to as compensable in the Benefit Dispute Agreement.

## II. Summary of Legal Standards

Under Texas law, trial courts do not have jurisdiction over claims for which the DWC has exclusive jurisdiction. In re Entergy Corp., 142 S.W.3d 316, 322 (Tex. 2004). The DWC exercises exclusive jurisdiction over questions of compensability, the extent of injury, and whether or not treatments are necessary and reasonable. See Cunningham Lindsey Claims Management, Inc. v. Snyder, 291 S.W.3d 472, 478 (Tex. App.–Hous. [14th Dist.] 2009, pet. filed). The DWC's jurisdiction continues until a final decision has been reached, at which point a claimant may appeal to the trial court for relief. Am. Motorists Ins. Co. v. Fodge, 63 S.W.3d 801, 803 (Tex. 2001).

A person who disputes a finding of an insurance company or the DWC may appeal the decision through the exclusive process described in the Texas Labor Code. Id. In addition, parties may enter into a BDA, which functions as a mediation to resolve disputed issues.

See Stinson v. Ins. Co. Of the State of Pennsylvania, 286 S.W.3d 77, 84 (Tex. App.–Houston [14th Dist.] 2009, pet. denied).  Each method of dispute resolution results in a final decision (or its equivalent) of the DWC, giving the trial courts the jurisdiction to hear claims on the settled issues related to the workers' compensation dispute.  Id.  As noted above, Plaintiff and Defendant chose the latter route, and entered into a BDA on March 10, 2009.

### III. Analysis

To exhaust her administrative remedies regarding the alleged delay of surgery to repair her compensable spinal injury, Plaintiff needed a determination from the DWC, or its equivalent, that (1) the injury was compensable and (2) that the back surgery was reasonably required.  That the injury was compensable is undisputed; the BDA plainly refers to a compensable injury.  As to whether the back surgery was reasonably required, the court concludes that Defendant resolved this issue by preauthorizing the surgery.  See In re Texas Mutual Ins. Co. and Natalie L. Garcia, No. 03-10-00404-CV, 2011 WL 3435738 (Tex. App.–Austin Aug. 3, 2011, no pet.) (holding that a preauthorization for surgery in addition to an admission of compensability exhausts the administrative process).  Contrary to Defendant's averments, there is no Texas law to suggest that this court's jurisdiction ought to be constrained after an initial determination by the DWC that benefits were due.  Id.

In the instant motion the court is concerned only with the narrow issue of jurisdiction. All that is required for subject matter jurisdiction is a final decision of the DWC with respect to compensability of the injury and reasonableness of the surgery; Plaintiff has met her burden of demonstrating jurisdiction over the claims relating to bad faith delay or denial of benefits.

Therefore, because this court finds that a Texas state court would hold that it has jurisdiction, this court finds that it has jurisdiction over this diversity action. The Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**.

**SIGNED** this 12th day of August, 2011.

Nancy K. Johnson
United States Magistrate Judge